IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAKOTA Z. LITTLE, | Civil Action |
| Plaintiff, | No.  21-652 |
| vs. | |
| RIVERVIEW AUTOMOTIVE GROUP, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Dakota Z. Little, by undersigned counsel files this Civil Complaint and alleges the following:

### I. Jurisdiction

1. The Jurisdiction of this Court is invoked pursuant to 38 U.S.C. § 4323; 28 U.S.C § 1331; and this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

### II. The Parties

2. Plaintiff, Dakota Z. Little, is an adult individual who resides at 53 Race Street, Apt. 1, Manor, Pennsylvania 15665. At all times relevant, Little was an "employee" within the meaning of 38 U.S.C. §4303(3).

3. Defendant, Riverview Automotive Group, Inc., d/b/a Riverview Chevrolet Buick GMC, is a corporation with its principal place of business at 11250 Route 30, Irwin, Pennsylvania 15642. At all times relevant hereto, Defendant operated a retail automobile dealer and is an "employer," within the meaning of 38 U.S.C. §4303(4)(A).

### III. Factual Background

4. Little is a member of the Pennsylvania National Guard, and serves in the DCO 1st Battalion, 110th Infantry, 372 Donohoe Road, Greensburg, Pennsylvania 15601. The Unit is a Reserve Component of the Armed Forces of the United States, and therefore, Little is a member of the "uniformed services" within the meaning of 38 U.S.C. §4303(17).

5. Little likewise was employed by Defendant as a Service Adjuster, in Defendant's service department since August 3, 2020.

6. Little performed his duties with Defendant in a manner fully acceptable to his employer.

7. On or about February 1, 2021, Little and his Unit were activated into active federal service for the purpose of responding to the January 2021 insurrection at the United States Capital in Washington D.C.

8. Pursuant to Orders issued by the Department of the Army, Little and his Unit were to be on active duty from February 1, 2021 through and until March 31, 2021.

9. Little notified Defendant and provided Defendant with a copy of his activation orders.

10. On or about March 23, 2021, Little notified Defendant that he would be returning from active duty on April 1, 2021, and sought to be reinstated to his position as a Service Adjuster in Defendant's service department.

11. At the same time, Little notified Defendant that he had received additional activation orders requiring his absence because of Pennsylvania active duty from April 22, 2021 through and including May 2, 2021.

12. However, on April 1, 2021, shortly after Little notified Defendant of his new active duty orders, Defendant's supervisor, Ed Garibay, Service Manager, informed Little that he was to be discharged.  Defendant informed Little that no open vacancies existed for Little.

13. Section 4312 of Title 38 United States Code provides re-employment rights and benefits for veterans whose service in the armed forces does not exceed five years.

## Count I
## USERRA, 38 U.S.C. § 4313
## Failure to Re-Employ

14. Little incorporates the allegations of paragraphs 1 through 13 of this Complaint as if fully set forth.

15. Defendant failed to re-employ Little on April 1, 2021 and thereafter, in violation of 38 U.S.C. § 4313(a)(2).

16. Little's military service was a substantial or motivating factor in Defendant's decision not to rehire/reinstate him.

17. Defendant willfully violated Little's federally protected right to be re-employed upon return from his military service.

18. As a result of Defendant's treatment, Little suffered and continues to suffer damages, including but not limited to lost wages and benefits, anxiety, loss of reputation, lost career opportunities, emotional distress, humiliation and inconvenience.

WHEREFORE, Little demands judgment against Defendant pursuant to 38 U.S.C. § 4301 *et seq* as follows:

    a. That Defendant be permanently enjoined from discriminating against Little because of his military service;

  b. That Defendant be required to compensate Little for the full value of wages and benefits he would have received, including but not limited to any retirement contributions Little would have been entitled to, had it not been for Defendant's illegal treatment, with interest thereon until the date Little was offered re-employment into a position substantially equivalent to the one he previously had;

  c. That Little be awarded compensatory damages in an amount to be determined at trial;

  d. That Little be awarded against Defendant the costs and expenses of this litigation, and reasonable attorneys' fees; and,

  e. That Little be awarded such further relief as this Court deems to be just and proper.

**Count II**
**USERRA, 38 U.S.C. § 4311**
**Discrimination**

19. Little incorporates the allegations of paragraphs 1 through 18 of this Complaint as if fully set forth.

20. Defendant discharged and therefore discriminated against Little in the terms and conditions of his employment because of his military service in violation of 38 U.S.C. § 4311.

21. Little's military service was a substantial or motivating factor in Defendant's employment decisions regarding him.

22. Defendant willfully violated Little's federally protected right to be free from discrimination because of his military service.

23. As a result of Defendant's treatment, Little suffered and continues to suffer damages, including but not limited to lost wages and benefits, anxiety, loss of reputation, lost career opportunities, emotional distress, humiliation and inconvenience.

WHEREFORE, Little demands judgment against Defendant pursuant to 38 U.S.C. § 4301 *et seq* as follows:

    a.    That Defendant be permanently enjoined from discriminating against Little because of his military service;

    b.    That Defendant be required to compensate Little for the full value of wages and benefits he would have received, had it not been for Defendant's illegal treatment, with interest thereon until the date Little is offered re-employment into a position substantially equivalent to the one he previously had;

    c.    That Little be awarded compensatory damages in an amount to be determined at trial;

    d.    That Little be awarded against Defendant the costs and expenses of this litigation, and reasonable attorneys' fees; and,

    e.    That Little be awarded such further relief as this Court deems to be just and proper.

### Count III
### Pennsylvania Military Affairs Act, 51 Pa.Con.Stat.Ann. § 7304
### Failure to Re-Employ

24. Little incorporates the allegations of paragraphs 1 through 23 of this Complaint as if fully set forth.

25. Defendant failed to re-employ Little on April 1, 2021 and thereafter in violation of 53 Pa.Con.Stat.Ann. § 7304.

26. Indeed, Defendant at first offered to reinstate Little but then withdrew that offer when it learned of Little's subsequent activation scheduled for later in April 2021.

27. Little's military service was a substantial or motivating factor in Defendant's decision not to rehire him.

WHEREFORE, Little demands judgment against Defendant pursuant to 51 Pa.Con.Stat.Ann. § 7301 *et seq* as follows:

a. That Defendant be permanently enjoined from discriminating against Little because of his military service;

b. That Defendant be required to compensate Little for the full value of wages and benefits he would have received, including but not limited to any retirement contributions Little would have been entitled to, had it not been for Defendant's illegal treatment, with interest thereon until the date Little was offered re-employment into a position substantially equivalent to the one he previously had;

c. That Little be awarded compensatory damages in an amount to be determined at trial;

d. That Little be awarded against Defendant the costs and expenses of this litigation, and reasonable attorneys' fees; and,

e. That Little be awarded such further relief as this Court deems to be just and proper.

Respectfully submitted,

**Rothman Gordon, PC.**

/S/ Samuel J. Cordes
Samuel J. Cordes
Pa.I.D. No. 54874

310 Grant Street
Third Floor - Grant Building
Pittsburgh, PA 15219
(412) 338-1100

Attorney for Plaintiff